John White, Esq., SB #1741  
WHITE LAW CHARTERED  
335 West First Street  
Reno, NV 89503  
775-322-8000  
775-322-1228 (Fax)  
john@whitelawchartered.com  
Proposed Counsel to the Official  
Committee of Unsecured Creditors  

E-filed on March 28, 2011

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: ) | Case No: BK-N-11-50606-btb |
| ) | |
| Michael G. Alves & Elizabeth M. Alves, ) | Chapter 12 |
| dba Alves Goat Dairy ) | |
| ) | AFFIDAVIT OF JOHN WHITE |
| ) | IN SUPPORT OF EX PARTE |
| ) | APPLICATION TO EMPLOY WHITE |
| ) | LAW CHARTERED, JOHN WHITE, ESQ., |
| ) | AS COUNSEL FOR DEBTORS |
| Debtor ) | |
| _____/ ) | Hearing Date: (No Hearing Required) |

John White, being duly sworn, under penalty of perjury declare as follows:

1. I am the shareholder of the law firm of White Law Chartered ("WLC"). My office address is White Law Chartered, 335 West First Street, Reno, Nevada 89503. I am authorized to make this Affidavit (the "White Affidavit") on behalf of WLC. This Affidavit is submitted pursuant to Fed. R. Bankr. Pro. 2014(a) in support of the Ex-parte Application of the Debtors for an Order to Employ White Law Chartered, John White, Esq., as Counsel for Debtors, *Nunc Pro Tunc*, as of February 18, 2011 (the "Application").

2. Prior to the time this chapter 12 case was filed, the undersigned counsel was retained by the Debtors, Michael G. Alves and Elizabeth M. Alves, doing business as Alves Goat Dairy ("Debtors") in connection with the preparation of filing this case.

1

### Disinterestedness of Professionals

3. Based on the conflict searches conducted to date and described herein, to the best of my knowledge, neither I, WLC nor any partner or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors' estate, any other party in interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee, except as disclosed or otherwise described herein. Accordingly, WLC does not hold or represent an "interest adverse" in connection with this chapter 12 case, and is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

4. The Debtors seeks to employ WLC to represent and assist it in the Debtor's bankruptcy case. WLC is familiar with the legal issues that may arise in the context of this chapter 12 case and is prepared to serve in that regard.

5. WLC or its and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in this chapter 12 case in connection with unrelated matters. In the preparation of this Affidavit, WLC has searched its databases for its connections to various entities that are significant parties-in-interest in this chapter 12 case. WLC will update this Affidavit as and when necessary and when WLC is aware of new or additional material information.

6. WLC discloses that it has represented, currently represents and/or may represent in the future various past, present or future ordinary course trade creditors and/or service providers of the Debtor, but, except as disclosed herein, all such representations are in connection with matters wholly unrelated to the Debtor and this chapter 12 case.

7. WLC will periodically review its files during the pendency of this case to ensure

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, WLC will use reasonable efforts to identify such further developments and promptly will file a supplement statement pursuant to Bankruptcy Rule 2014(a).

8. Moreover, pursuant to section 1103(b) of the Bankruptcy Code, WLC is not disqualified from acting as Debtors' counsel merely because it may represent certain creditors in unrelated matters.

9. The Debtors have requested that WLC render legal services for all aspects of this bankruptcy case, including:

(a) Analysis of the Debtor's financial situation and rendering advice in determining whether to file a petition in bankruptcy;

(b) Preparation and filing of the Petition, schedules, statement of affairs, and plan which may be required;

(c) Representation of the Debtors in the meeting of creditors, confirmation hearing or any adjourned hearings thereof;

(d) Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 12 case.

10. Subject to Court approval under section 330(a) of the Bankruptcy Code, compensation will be payable to WLC on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the WLC. The hourly rates charged by WLC are consistent with the rates charged by the WLC in comparable non-bankruptcy matters and are subject to periodic adjustments to reflect economic and other conditions.

11. WLC's hourly rates are set at a level designed to fairly compensate the WLC for the work of its attorneys and paralegals and to cover fixed and routine overheard expenses.

Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by WLC from time to time. Current customary hourly rates of WLC for the individual expected to participate in these cases is $300.00 for attorney John White and $75.00 for paralegal Mary Hernandez. It is the policy of WLC to charge its clients in all areas of practice for all expenses incurred in connection with a client's case. The expenses routinely charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for working meals and facsimile charges. WLC will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to its other clients.

12. No promises have been received by the WLC or by any partner or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The WLC has no agreement with any other entity to share with such entity any compensation received by WLC in connection with this chapter 12 case.

Dated: March 24, 2011.

WHITE LAW CHARTERED

By: _____
JOHN WHITE, ESQ.

STATE OF NEVADA    )
                  )ss:
COUNTY OF WASHOE   )

Subscribed and to sworn before me this 24th day of March, 2011.

*Araceli Gonzalez*
Notary Public

ARACELI GONZALEZ
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 10-2994-2 - Expires September 8, 2014

WHITE LAW CHARTERED LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

4